PECK v. CHILDERS, *et al.*, *Appellants.*

1. **Practice in the Supreme Court.** Where there is no bill of exceptions, this court can consider only whether the petition states a cause of action, and whether the court below had jurisdiction.

2. ———: COSTS. Where the recovery is in excess of that prayed for in the petition, so that a *remittitur* is entered by the respondent in order to correct the error, the costs of the appeal will be taxed against him.

*Appeal from Clark Circuit Court.*

AFFIRMED.

*Geo. F. Collins* for appellants.

*Hagerman, McCrary & Hagerman* for respondent.

NORTON, J.—This is an action of ejectment to recover the possession of the one undivided sixth part of certain lands in Clark county. Defendants filed answer denying plaintiff's right to the possession, and, as a second defense, set up substantially that plaintiff claimed the undivided sixth of said lands by virtue of a judgment and sale, by the sheriff, of one William Buskirk's interest in said lands; that said lands were owned by one Lawrence Buskirk, of whom said William was a son; that said Lawrence, previous to his death, had made advancements to said William more than equal to his interest in the lands sued for. The answer, though undertaking to set up an equitable defense, contained no prayer for relief or adjustment of the equities. To this answer a demurrer was filed, which the record shows was not passed upon by the court, and the parties having waived the demurrer by submitting the cause to the court for final hearing on the pleadings, the court found for plaintiff and rendered judgment for the possession of the lands mentioned in the petition.

There being no bill of exceptions in the case, we can only consider, under the authority of the case of *Sweet v.*

*Maupin*, 65 Mo. 72, whether the petition states a cause of action, and whether the court had jurisdiction of the case. That the petition stated a cause of action, and that the court had jurisdiction both of the subject matter and persons of the defendants are indisputable.

The recovery was in excess of that prayed for in the petition, the recovery being for all the land, while the petition sought a recovery for only an undivided sixth part. The plaintiff has admitted this error by filing a *remittitur* for the excess. The judgment of the circuit court, less the excess of the recovery remitted, will be affirmed, and the costs of the appeal will be adjudged against plaintiff. *Miller v. Hardin*, 64 Mo. 545; *Clark v. Bullock*, 65 Mo. 535; *Exchange National Bank v. Allen*, 68 Mo. 475.