## Estey v. Post, *Appellant.*

<div style="float:right">

| 76 | 411 |
| 37a | 458 |
| 76 | 411 |
| 43a | 323 |
| 76 | 411 |
| 149 | 448 |

</div>

1. **Practice in Appellate Courts**: FAILURE TO PROSECUTE APPEAL. If motions are filed or cause shown in the St. Louis court of appeals against the affirmance of a judgment for want of prosecution, they should be preserved by bill of exceptions; otherwise they will not be examined in this court.

2. ———: ———. Upon appeal from a judgment of the court of appeals affirming a judgment of the circuit court for want of prosecution, this court will inquire only whether there was a failure to prosecute. It will not go into the merits of the case.

3. ———: ———: DAMAGES. Ten per cent damages should be awarded by the appellate courts in those cases only where the record is examined and the appeal found to be without merit; not in cases of affirmance for want of prosecution.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*John P. Ellis* for appellant.

*Samuel N. Holliday* for respondent.

HOUGH, C. J.—The plaintiff recovered judgment against the defendant in the circuit court, and the defendant appealed to the St. Louis court of appeals. The opinion of the court of appeals, delivered at its October term, 1879, is as follows: " The appellant filed no transcript of the record in the cause until September 29th, 1879, which was less than fifteen days before the commencement of the present term. The appellee now produces here in court a perfect transcript of the record, duly certified, and prays that the judgment of the circuit court be affirmed. It appearing from said transcript that an appeal was allowed on the 4th day of April, 1879, the appellee's motion is sustained, and the judgment affirmed." Judgment was rendered accordingly. From this judgment the defendant has appealed to this court.

There is nothing in the transcript of proceedings in

the court of appeals to show that any error was committed
by that court in affirming the judgment.
Indeed, no bill of exceptions was filed in the
court of appeals, and the motion filed in that
court, and the showing, if any was made, against the affirmance of the judgment, could only be preserved for
examination in this court by a bill of exceptions.

<span>1. PRACTICE IN APPELLATE COURTS: failure to prosecute appeals.</span>

The appellant contends that although the judgment
of affirmance rendered by the court of appeals upon the
transcript filed by the respondent, was based
upon appellant's failure to file his transcript within the time
prescribed by the statute, still, inasmuch as the record in
the cause is now here, the court must proceed to determine the case upon its merits. This is an erroneous view
of the law. Suppose, for example, that the appellant had
filed no transcript whatever in the court of appeals, and
upon the production by the respondent of a perfect transcript, the court of appeals had affirmed the judgment, and
the appellant had appealed to this court. It is perfectly
manifest that the only transcript which could be brought
before this court by such appeal would be the respondent's
transcript, and that the appellant who had failed to prosecute his appeal by filing a transcript in the court of appeals, would not be heard here to claim the right to have
his appeal determined on the merits, on a transcript filed
by the respondent for the purpose of obtaining an affirmance of the judgment of the circuit court. If he could,
the statute authorizing an affirmance of the judgment by
the court of appeals when the appellant fails to prosecute
his appeal, would be worse than nugatory; it would in
many instances incite the appellant to delay the prosecution of his appeal until the respondent might choose to provide him with a transcript and file it for him in that court.
The fact that the appellant in the present case filed a transcript cannot alter the result. It was filed out of time and
was properly disregarded. The only question before this
court is, was the judgment of the circuit court properly

<span>2. ———: ———.</span>

affirmed, on motion, on the transcript filed by the respondent?

· The cases of *A. & P. R. R. Co. v. City of St. Louis*, 66 Mo. 228, and the *State ex rel. Christy v. Ryan*, decided June 2nd, 1879, but not reported, which are cited by appellant's counsel, do not support his position. The first named case had been certified to the court of appeals by this court in compliance with section 19, article 6 of the constitution, and on appeal from the judgment of that court, on the merits, we said that it was immaterial whether the case had been properly certified to the court of appeals or not; it was before us and should be determined on its merits.

In the case of *Christy v. Ryan*, the appellant failed to file a transcript in the court of appeals, and the respondent, having produced a perfect transcript, asked to have the judgment affirmed, and the judgment was affirmed by the court of appeals, with ten per cent damages. On appeal to this court from said judgment of affirmance, this court declined to examine into the merits of the case, and delivered the following opinion : *Per Curiam:* "Ten per cent damages should be awarded in those cases only, where the record is examined and the appeal found to be without merit. The judgment of the court of appeals will, therefore, be reversed and the cause remanded to that court with directions to enter up a judgment of affirmance without damages." This case, it will be seen, supports our ruling in the case now before us. The same principle was applied to a different state of facts in *McCrary v. Menteer*, 58 Mo. 446.

The judgment will be affirmed. The other judges concur.