BAYHA v. KESSLER, *et al.*, *Appellants.*

1. **A Decree in Partition.** In a suit in partition, one of the defendants, besides denying the plaintiff's claim of title to a part of the land, alleged title in himself to the same part, and in his answer set forth the special facts constituting his claim. The decree found the plaintiff entitled as claimed in the petition, but made no specific finding as.to the facts so specially alleged in the answer. Objection being made that the decree failed to dispose of all the issues made by the pleadings; *Held,* that it was untenable ; the finding for the plaintiff was upon the ultimate issue between the parties and necessarily involved and settled all the rest.

2. ———. The finding and decree in this case are supported by the evidence.

3. **Fraudulent Conveyances.** To impeach a conveyance on the ground of intent to evade future liabilities, an actual intent to defraud the holders thereof must be shown.

4. **Presumption in favor of Judgment Below.** There appeared to be a discrepancy in description between a decree in partition and the deed which formed the basis of the decree. *Held,* that the decree would not for that reason be declared erroneous: this court would rather assume that there was evidence before the trial court which reconciled the two descriptions.

*Appeal from Crawford Circuit Court.*—HON. V. B. HILL, Judge.

AFFIRMED.

*A. McElhinney* for appellants.

*Smith & Krauthoff* with *J. R. Webb* for respondents.

MARTIN, C.—This was a suit for partition of 320 acres of land. The plaintiff bringing the suit alleged that he was entitled to an undivided 13-30 of the tract, and that he held it in trust to the separate use of Margarette English; that Kessler was entitled to 19-60, McElhinney to 1-6, Hopper to 1-36, and Grant to 1-18. It was also claimed in the petition, that the plaintiff had placed valuable improvements on a portion of the tract at her own cost, and that

in the partition, an account of the same should be taken and their value allowed to her.

The defendants, in their joint answer, denied the allegations of interest and estate as stated in the petition; and McElhinney, answering further, in his own behalf laid claim to the 13-30 alleged in the petition as belonging to plaintiff. He claimed it by virtue of a purchase at execution sale against one C. H. English, the former owner of it; and although he admits the execution, under which he purchased, was issued on a judgment rendered long after English had conveyed the land to plaintiff, he nevertheless insists that the sale to plaintiff was void as against creditors, averring that it was without consideration and in secret trust for the grantor. The equitable right of McElhinney, as set out in his answer or cross-bill, was denied by the plaintiff, and English was made a party to the suit. He filed a disclaimer of any interest in the land.

The case was tried upon the documentary and oral evidence appearing in the bill of exceptions, and a decree of partition was rendered, awarding to plaintiff the 13-30 claimed in the petition. Commissioners were appointed who reported that they had set apart to plaintiff 120 acres of the tract as representing the 13-30 of the same, and that the improvements of the plaintiff were upon the portion so set apart. They also reported that the balance of the tract could not well be partitioned among the defendants, according to their respective interests and estates, and accordingly they recommended a sale thereof and a division of the proceeds among the owners thereof. This report was confirmed against the objections and exceptions of appellants, and judgment was entered in accordance with it, from which the defendants have appealed.

I do not deem it necessary to allude to the evidence or pleadings, except in so far as they are involved in the objections urged by the appellants before us as ground of reversal. These objections I will now consider.

The appellants complain that the record fails to dis-

close any adjudication of the issues raised by the cross-bill of McElhinney. In this position I think the appellants are mistaken. The issue raised by the cross-bill was whether or not the 13-30 of the land claimed by plaintiff belonged to McElhinney by virtue of his purchase at execution sale as the property of the former owner. His right to it depends upon the facts of a fraudulent transfer and secret trust pleaded in his cross-bill and denied by plaintiff's replication. The court, in its interlocutory decree, does not specifically allude to the facts relating to the impeachment of plaintiff's title, but it most certainly disposes of the issue raised by such facts, in favor of the plaintiff, and against the defendants, or any of them. The decree goes on to recite that "the issue between plaintiff and defendants being submitted to the court sitting as a jury, the court, after hearing the evidence and arguments of counsel, doth find that the parties herein are interested in the real estate described in plaintiff's petition as follows: George Bayha, trustee for Margarette English, is entitled to the undivided 13-30 of said real estate; Louis Kessler is entitled to the undivided 19-60 of said real estate; Alexander McElhinney is entitled to the undivided 1-6 of said real estate; James Hopper is entitled to the undivided 1-36 of said real estate, and Jeanette Grant and J. W. Grant, her husband, are entitled to the undivided 1-18 of said real estate." The court also found that Mrs. English had in good faith made improvements on a certain portion of the tract which were of the value of $380. When the court found that plaintiff was entitled to the 13-30 claimed by McElhinney as belonging in equity to him, the issue raised by his cross-bill was effectually decided against him. The ultimate issue between him and the plaintiff was necessarily involved and settled against him in such a finding.

It is next argued that the finding and decision against the claim of McElhinney are not supported by the evidence. I am unable to accept this view of the ap-

1. A DECREE IN PARTITION.

2. ——

pellants. It seems that C. H. English was in possession of the whole tract from 1859 to 1872, claiming it under color of title; that he had some knowledge of a claim to the land by the heirs of Richard Caulk; that it was after such information and in 1870 that he conveyed an undivided half of the tract to plaintiff and received toward payment $500; that the heirs of Richard Caulk brought suit in 1871, and long afterward obtained a judgment for 17-30 of the tract, leaving C. H. English or his vendee owner of the remaining 13-30. After English's conveyance, he, as owner of one half, remained on the place and defended the ejectment. At the termination of the ejectment, execution was issued in the sum of $100 for damages and costs against English, and all his interest in the land was put up for sale and McElhinney bought it in for $50. Now it is claimed that the conveyance of English to plaintiff was in fraud of his creditors and that the plaintiff holds it in secret trust for English. There was no evidence that English had any creditors at the time of the conveyance to plaintiff. It is claimed, however, that he conveyed it away to escape the threatened suit in ejectment. But as the plaintiff claims only what was left to English in that suit, thus abiding its result, there would seem to be no foundation for the charge that it is held in fraud of the suit.

As to the judgment for damages and costs, the evidence would hardly justify the assumption that the con-

3. FRAUDULENT CON-
VEYANCES.

veyance was made to escape it. In respect to future liabilities, the intent, to impeach a conveyance, must be an actual intent to defraud the holders thereof. And as English, after his conveyance, retained what he considered as equal to the half he had conveyed, his motive in conveying cannot reasonably be attributed to an intention to escape the small judgment in a case, which at that time had not been brought. The evidence failed to show that the land was held in secret trust for Mr. English. The court, in my opinion, was well warranted in deciding

against the equitable claim of McElhinney based on the supposed fraud against creditors.

It is argued by appellants that the petition is defective, as including a tract of forty acres described in the decree as the northeast one-fourth of southwest one-fourth section 19, township 40, range 2 west. It is urged that this tract does not appear in the deed from English by which the plaintiff claims the share set apart to her. In that deed it is described as "north one-fourth of lot numbered 1 of southwest one-fourth section 19, township 40, range 2 west, containing forty acres." It must be presumed, after decree, that the court regarded these tracts as identical upon the proof before it. The improvements claimed by plaintiff were alleged to be on this tract. A possible discrepancy on the face of the papers could not be allowed to overturn the decree, which must be presumed to have been made after proof sufficient to reconcile the two descriptions as applying to the same parcel of land. I may add here that the plaintiff in his petition and McElhinney in his cross-bill both allege that this parcel, as described in the decree, was contained in the deed from English. It does not appear how precisely it was described in the sheriff's deed to McElhinney, as that deed was left out of the bill of exceptions.

*4. PRESUMPTION IN FAVOR OF JUDGMENT BELOW.*

Upon the whole, the decree, in our opinion, ought to be affirmed. And the other commissioners concurring, it is so ordered.