MATILDA BOMBECK, Respondent, v. DANIEL F. BOM-
BECK, Appellant.

Kansas City Court of Appeals, May 25, 1885.

1. PRACTICE—APPELLATE COURTS—FAILURE TO FILE TRANSCRIPT IN
TIME.—A party to an appellate proceeding complaining that the
appellant has not complied strictly with the requirements of the
statute as to the *time* of filing transcript, will not be heard, if
guilty of such *laches*, as leads the appellant to regard his appeal as
completed; no suggestion for affirmance being made until case is
ready for hearing.

2. GUARDIANSHIP—ESTOPPEL.—Both on authority and reason where a
guardian under color of his office, either during the minority or
majority of his ward, obtains possession of the ward's property or
money before final settlement, he is *estopped*, when called into
court as guardian to account for it, to deny that he received it as
*such guardian*, but only in his individual or unofficial character.
Especially must this be so, when he seeks by the repudiation of his
guardianship to escape the measure of liability which would
attach to the fund as a trust in his hands as guardian. Big. Estop.
435, 576; *Dix v. Morris*, 66 Mo. 518.

APPEAL from Buchanan Circuit Court.—HON. WM.
H. SHERMAN, J.

*Affirmed.*

Statement of case by the court.

This controversy grows out of a citation issued by
the probate court of Buchanan county to the defendant,
Daniel F. Bombeck, as guardian and curator of the
plaintiff, Matilda Bombeck, to appear before said pro-
bate court and make settlement. The history of the
case is substantially as follows: In March, 1879, the
defendant was, by said probate court, appointed guar-
dian and curator of the person and estate of the plaintiff
in said county. The plaintiff was the daughter of J. W.
Bombeck, who died in the state of Colorado prior to the

date last above named.  By his last will he bequeathed
to his said daughter certain live stock in Colorado, and
designated the defendant as testamentary guardian, with
certain directions as to the management of said stock,
and the time of the payment of the bequest to plaintiff.
It does not appear whether said will was admitted to
probate or not.  At all events the said guardian in 1880
initiated measures for the displacement of the executor
or administrator of said estate in Colorado; which re-
sulted in his removal.  His widow and the defendant
were appointed administrators *de bonis non*, of the
estate by the proper court of El Paso county in said
state.  In December, 1879, the defendant received from
and receipted for to said administrators, as guardian,
etc., of the plaintiff, the sum of $1,207.05.  In April,
1880, a citation was issued by the probate court of
Buchanan county to the defendant to appear and make
settlement as such guardian, etc.  In June following he
appeared and made a lengthy return in writing to said
citation, setting out in detail the history of said bequest,
and the action taken by him for the removal of the
executor in Colorado, begun in April, 1880, and claiming
that he had expended certain moneys in and about the
said undertaking.  He also set up that the plaintiff
attained her majority in September, 1880, and that the
last trip he made to Colorado on said business was in
October, 1880, after the plaintiff came of age, and that
he went at her special instance and request, as her agent
and not as her guardian and curator.  He admitted. the
receipt of the money as hereinbefore stated, for which
he receipted as guardian, etc., of the plaintiff, and
alleged that he was willing to account to her therefor,
provided she would make him certain allowances for
money paid out on his trips to Colorado, and for his
services and time.  The return then stated that the
defendant had received no other property of the ward.

The plaintiff made reply to this return, denying gen-
erally some of its statements, and averring that the
defendant in his settlement with the estate, under the

administration proceedings in Colorado, was allowed pay for the moneys and time claimed to have been expended by him as aforesaid, and also denied that he made said trips and rendered said services at her instance and request as her agent, but that he collected the money as guardian, etc.

On hearing before the probate court, the court found that the defendant had received and receipted for said money as the guardian and curator of the plaintiff, and after making him certain allowances for moneys paid out and expended in and about the Colorado trips and contests had there, found him indebted to the plaintiff in the sum of $931.05, on which sum the court allowed interest from the 20th day of January, 1880, to the 20th day of July, 1880, and directed the judgment to bear that rate of interest until paid.

The defendant prosecuted his appeal to the circuit court; where on a trial, *de novo*, the court, in effect, affirmed the judgment of the probate court. Thereupon, so it is claimed by appellant, he filed motion for new trial, which went over to the following term of court. On hearing said motion the court, by way of recitation in the record, modified its finding on a *remittitur* entered by the plaintiff, so as to charge the defendant only six per cent. interest on the money from January 20, 1880, in view of the fact that the plaintiff was of age when the defendant received the money.

From this judgment the defendant has appealed to this court.

VINTON PIKE, for the appellant.

I. No money, property or effects came to the possession of defendant during the minority of Matilda. The only liability with which she seeks to charge him in this proceeding is in respect to the fund of $1207.05, which the decree finds he received "after the said Matilda, his late ward, had attained her majority, as stated in his return to the citation herein." Upon the majority the relation of guardian and ward ceased. *In re*

Nicoll, 1 Johns Chan. Rep. 23; *Jones v. Ward*, 10 Yerger 160; *State v. Rosswaag*, 3 Mo. App. 20. Afterwards any money received, was received, not as guardian, but to be paid over. He could be sued for it in a court of law. *Ball v. Towson*, 4 Watts & Serg. 568; cited and adopted in *Coleman v. Willi*, 46 Mo. 237. When the relation of guardian and ward ceased the jurisdiction of the probate court ceased. The jurisdiction of that court extends only to his accounts as guardian and not to contracts between him and plaintiff after termination of guardianship. *Timmons v. Bonner*, 58 Texas 554.

II. The return to the citation for settlement shows that defendant went to Colorado after Matilda had attained her majority, at her special request, who urged him to go *as her agent* when informed his duty to go as guardian existed no longer. Because this statement was found true the court compelled plaintiff to remit that part of the ten per cent. interest, in excess of six per cent. But plaintiff could not claim interest *from the time of receiving the money* (at either rate), but only after having a reasonable time to invest it; and *as agent* only from the time of demand upon him. *Lent v. Howard*, 89 N. Y. 180. And as agent, see *Beardslee v. Boyd*, 37 Mo. 180; *Polk v. Allen*, 19 Mo. 467; *Burgess v. Case*, 52 Mo. 43; *State v. Mooney*, 65 Mo. 494.

III. If defendant is trustee under the will of J. W. Bombeck, then the judgment is wrong, for plaintiff is not entitled to the estate till she arrives at the age of twenty-four. She was in her twenty-first year at the date of the decree.

STRONG & MOSMAN, for respondent.

I. The record shows that motion for new trial was filed in this case, and was overruled, but "there being no bill of exceptions in the case" this court "can only consider: First, whether the petition states a cause of action. Second, whether the court had jurisdiction of the case." *Sweet v. Maupin*, 65 Mo. 72; *Peck v. Childers*, 73 Mo. 484. This is a summary proceeding, under

the statute, in which there are no formal pleadings. The purpose of the proceeding is to ascertain the state of his accounts; this depends on the estate in his hands and the money received and disbursed.

II.   The defendant admits his appointment as guardian by the probate court of Buchanan county in March, 1879.   That court had jurisdiction of the settlement of accounts of guardians appointed by it.   Any irregularity in proceedings had by it must be taken by objection and exception and preserved by motion for new trial, or motion in arrest of judgment and a bill of exceptions. *Bank v. Allen*, 68 Mo. 474; *State v. Robinson*, 79 Mo. 66.

III.   The cases cited by appellant do not hold that in no case can a guardian be made to account in the probate court for moneys received by him, after the majority of his ward, belonging to her.   He must show that *under no circumstances is such a judgment* permissible.   If defendant received this money under *color of his office*, the law will not permit him to say that he did not receive it as guardian.   *U. S. v. Nicolls*, 4 Cr., U. S. C. C. Rep. 290; *U. S. v. Bender*, 5 Cr., U. S. C. C. Rep. 620; *Martin v. Stevens*, 30 Miss. 159; *Miss. Co. v. Jackson*, 51 Mo. 23; *State v. Powell*, 44 Mo. 436; *Dix v. Morris*, 66 Mo. 518; *State ex rel. &c., v. Williams*, 77 Mo. 468.

IV.   Defendant did not file his bill of exceptions within the time, nor does he file transcript as required by law.   It is his fault that the evidence cannot be presented for review.   In such case the presumption is in favor of the propriety of the action of the trial court. *Birney v. Sharp*, 78 Mo. 73.

V.   The appeal is without merit and ten per cent. damages should be awarded.

Opinion by Philips, P. J.

I.   The respondent claims that the judgment of the circuit court should be affirmed because the appellant has failed to have the transcript of the record filed in the supreme court (from which court the case has been

transferred here under the amendment of the state constitution organizing this court), within the time prescribed by statute. The appeal was perfected in the circuit court at such time as to make it returnable to the October term, 1882, of the supreme court, but the transcript was not filed in the supreme court until the 11th day of December, 1882. Aside from the grounds of excuse presented in affidavits by appellant's counsel for the delay, we think the application for affirmance comes too late, and that the respondent has not brought herself within the terms of the statute entitling her to the affirmance.

The respondent might have made this motion at the October term, 1882, of the supreme court, but she has slept on her rights two and one-half years, permitting five terms of the court to pass without moving in the matter; thereby, by her own laches, allowing the appellant to regard his appeal as completed. Superadded to this, she does not make this suggestion for affirmance until the case is ready for hearing in this court, and does not file as the basis of her application either a transcript of the record of the circuit court, as required by the general statutes, or the certification of the circuit clerk, as required by the act of 1883. She ought not thus to be permitted to rely upon the transcript filed by the adverse party at his expense while seeking advantage of his failure to file the transcript. *Esly v. Post*, 76 Mo. 412; *Caldwell v. Hawkins*, 46 Mo. 263.

II. There is no bill of exceptions in this record, and consequently there is no objection to any evidence to any objection offered or received on the trial, nor any instructions for review, nor any motion for new trial nor in arrest of judgment. What then is before this court for review? In such condition of the record it is usual to say that the court can only examine such "errors as are apparent upon the face of the record," and affirm or reverse the judgment below as errors may or may not

appear thereon. Ordinarily the record proper is the
petition and other pleadings in the case, the summons
and officer's return thereon, and the judgment of the
court. *Bateman v. Clark et al*, 37 Mo. 34. Originating
as this proceeding did in the probate court on a mere
citation to the delinquent guardian and curator, there
was no petition in legal contemplation. The summons
may be regarded as a part of the record proper, as also
the return of service thereon by the sheriff. No answer,
in strictness, to this citation is contemplated by the
statute and methods of procedure in such cases. The
guardian's appearance is merely either to exhibit his
statement of accounts between him and his ward, or, if
not then ready, to present the same, to ask for further
time. No reply, in form, is required by the ward to
make an issue on the settlement thus tendered. If con-
troverted, the probate judge proceeds to examine into
the state of accounts, either on the proofs submitted or
on the record evidence in his court. If the guardian, as
in this case, denied having received any property or
effects of his ward as guardian it was only necessary for
him to have so stated in his settlement tendered. On
the denial of the correctness, orally or in writing, of
this statement, the court would proceed to hear the case
on the proofs and make settlement as the evidence and
the law might warrant. I, therefore, question whether
the return, voluntarily made by the defendant, to the
citation can properly be regarded as a part of the record
in this case without having been incorporated in a bill of
exceptions. In *Peck v. Childers* (73 Mo. 484), Norton,
J., says: "There being no bill of exceptions in the case,
we can only consider, under the authority of the case of
*Sweet v. Maupin* (65 Mo. 72), whether the petition states
a cause of action, and whether the court had jurisdiction
of the case."

There can be no question but that the citation
in this case was sufficient. Even had it been informal,
the defendant waived any objection thereto by appear-
ing. It is equally clear that the probate court of

Buchanan county had jurisdiction over the case. By express provision of the statute jurisdiction is conferred on probate court over all matters pertaining to probate business, "and settling the accounts of curators and guardians." (Sec. 1176, Rev. Stat). By section 2600 guardians and curators are required to make "settlements of their accounts with the probate court in which their proceedings shall be."

Admitting, however, all the defendant contends for in this case, that, from the pleadings and the entry made by the circuit court in passing on the motion for new trial, the plaintiff had attained her majority when defendant collected the money in question, is there any thing in all this to show that the judgment of the probate court is bad for want of jurisdiction to render it? The appellant contends that the guardianship of the defendant over the plaintiff ceased on her majority. This may be conceded. *In re* Nicoll, 1 John Ch. 25; *Jones v. Ward*, 10 Yerg. 161; *State v. Rosswaag*, 3 Mo. App. 20. It may also be conceded, as a general rule, that when a guardian collects money of his ward after the ward reaches his majority, it would establish the relation of debtor and creditor between them, and entitle the ward to maintain an action against him as for money had and received. *Bull v. Towson*, 4 Watts & Serg. 568–9; *State ex rel. v. Willi*, 46 Mo. 328. But does this rule involve the conclusion of law, that if, in making the settlement of the guardian's accounts with the probate court, it should include in the charge against him an item received after his ward became of age, that would constitute such error apparent of record as would entitle the appellant to have it reviewed, without either motion for new trial or in arrest of judgment in the trial court?

Notwithstanding the majority of the ward the probate court still has jurisdiction to compel the guardian to make final settlement, and to render judgment against him for the balance found in his hands. If in such settlement the court should include an im-

proper item, was that any thing more than an error committed in the progress of the case, for the correction of which a motion for retrial or in arrest was indispensable in order to afford the trial court an opportunity to correct its error? It is not correct to say that for every error apparent of record, a reversal of the judgment will follow, "unless an appropriate motion gives opportunity for their correction by pointedly calling attention of the trial court to them." *Sweet v. Maupin, supra.*

Furthermore, the position taken by the appellant involves the proposition, necessarily, that under no state of circumstances can the probate court render judgment against a guardian for moneys which come to his hands after the ward arrive, at full age. This is not sustainable. Giving the appellant the full benefit of his contention, that his return to the citation is a part of the record, by it he confesses that he collected this money from the estate of the ward's father, as guardian. The judgment of the probate court expressly recites that he so received it and receipted for it. And the judgment of the circuit court, in effect, finds that he received it as guardian. Every intendment of law must be made in favor of the regularity of the judgment of courts of record, and the further presumption must be indulged, in a case where the evidence is not preserved in a bill of exceptions, that the necessary proof was made to warrant the judgment. *Jones v. St. Jos. F. & M. Ins. Co.*, 55 Mo. 344 ; *Bayha v. Kessler*, 79 Mo. 555 : *Birney v. Sharp*, 78 Mo. 73.

Without prolonging this opinion to unnecessary length with a review of the authorities, I conclude, both on authority and reason, that where a guardian under color of his office, either during the minority or the majority of his ward, obtains possession of the ward's money or property before final settlement, he is estopped to deny, when called into court as guardian to account for it, that he received it as such guardian. After misusing his office to carry to his pockets the money of his late ward—money which he could not have otherwise obtained

than as guardian—he should not be heard to say: It is true I wrongfully, *colore officii*, obtained this money, but will account for it only in my individual character. Especially must this be so where he seeks by the repudiation of his guardianship to escape the measure of liability which would attach to the fund as a trust in his hands as guardian. Big. Estop. 435, 576 ; *Perryman v. Greenville*, 51 Ala. 507; *Morris v. The State*, 47 Texas 583 ; *McClure v. Commonwealth*, 80 Penn. St. 169 ; *U. S. v. Nicolls*, 4 Cranch, Cir. Crt. 290 ; *ib.* 191 ; *U. S. v. Bender*, 5 Cranch. 620 ; *Jackson v. Bently*, 10 Mo. 294; *Dix v. Morris*, 66 Mo. 518 ; *Miss. Co. v. Jackson*, 51 Mo. 23 ; *State v. Powell*, 44 Mo. 436 ; *Rollins v. State*, 13 Mo. 438.

The court dealt quite leniently with this delinquent party in charging him only six per cent. interest. By his appeal he has now withheld from the child of his dead friend her inheritance for five years at six per cent.; and this court would be justified, perhaps, in affirming this judgment with ten per cent. damages. But we will give the defendant the benefit of the doubt. The judgment of the circuit court is affirmed. All concur.