A. G. KENNEDY, Appellant, v. L. KLEIN, Respondent.

Kansas City Court of Appeals, October 26, 1885.

1. PRACTICE—INSTRUCTIONS.—Instructions embracing issues not made by the pleadings are properly refused.

2. —— Instructions ignoring the vital issues presented under the pleadings and evidence are properly refused.

APPEAL from Chariton Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The instructions numbered one, two, and three, asked by the plaintiff, and referred to in the opinion of the court, are as follows:

"1. The court further instructs the jury that if they find from the evidence that the defendant accepted from W. H. Craddock & Company the money plaintiff paid to them on account of the purchase of said goods, and that after being advised of the terms and conditions on which the plaintiff paid said money to said Craddock & Company, defendant retained the same, then he is estopped and precluded from disputing said Craddock & Company's authority so to receive said money, and contract for defendant."

"2. If defendant through his agent, Craddock & Company, agreed with plaintiff to take certain lands, together with one thousand dollars, for the goods sold by him to Kennedy, and that in describing the land a mistake was made, and that afterward said mistake was rectified, and defendant, by himself or agent, Messrs. Craddock & Company, agreed to receive said lands in lieu of any part of those described in the written proposal, then defendant is not entitled to any claim against plaintiff by reason of said lands; and if the jury further find that defendant accepted the land conveyed to him by the

deed, delivered to him and received the one thousand dollars for said goods, and that he failed to send all the goods agreed upon and contained in the invoice upon which the trade was made, the jury should find a verdict in favor of plaintiff, for the value, as per invoice, of those goods that fell short, and were not sent to plaintiff by Klein."

"3. Though the jury may find that Craddock & Company, on October 1, 1879, when he gave plaintiff the receipt in full settlement of all controversy about the land and for the one thousand dollars, had no authority from Klein therefor; yet, if the jury further find that said Klein received the one thousand dollars, and after receiving information of the contents of said receipt, retained said money paid thereunder, without offering to return the same to Kennedy, for the want of authority on the part of said Craddock, the jury are instructed that such action ratifies the action of said Craddock in giving said receipt and releasing said Kennedy from any further demands of said Klein because of said land."

It may also be stated that the controversy arises out of a transaction had between plaintiff and defendant in August, 1879, wherein Craddock acts as the agent of both as broker. The plaintiff, through Craddock, submitted a proposal to defendant, who was a merchant at Chicago, to give one thousand dollars in cash and four hundred acres of land in Chariton county, Mo., for a stock of goods owned by Klein, and valued at four thousand seven hundred and sixty-eight dollars—the lands being designated in the proposal by numbers. Klein, after inquiring as to the character and value of the lands, accepted the proposal. After some delay, Kennedy and Craddock went to Chicago to close the trade, when it appeared that only about *one-third* of the land described in the proposal was offered to be conveyed, and other land substituted for it. But it was agreed by all the parties that Kennedy should try to get deeds to the land described in his offer, and if he failed, should *pay the difference* between the lands conveyed, Klein to retain the deeds already executed,

and also retain the goods until the land matter should be arranged.

Subsequently Craddock wrote Klein that Kennedy could not convey the tracts described in his offer; that he did not own them, but had deposited with him the cash payment of one thousand dollars, and agreed that if the land already conveyed should prove to be of less value than the land originally to be conveyed, he would pay the difference in cash. At the time Kennedy deposited the one thousand dollars, Craddock gave him a receipt "in full of all claims against Kennedy on a contract for the sale of four thousand seven hundred and sixty-eight dollars' worth of goods, sold by me, per invoice, to said Kennedy."

On receipt of Craddock's letter, and a dispatch, requesting him to ship the goods and draw on him for the money, with bill of lading attached, Klein shipped all the goods except three boxes, and notified Craddock thereof, saying he would ship the three boxes as soon as the land matter was adjusted. Subsequently Kennedy wrote to Klein a copy of the receipt Craddock had given him, which Klein immediately disavowed to both as given without authority, and placed the deeds which had been delivered to him on record.

Kennedy soon after instituted suit against Klein for twelve hundred dollars, alleging in his *petition* that he had complied with his part of the contract fully, and Klein had retained twelve hundred dollars' worth of the goods. The suit was by attachment, and the lands conveyed by Kennedy to Klein were attached. This suit was afterwards dismissed and the present suit commenced after the remaining three boxes had been delivered. The *answer* claimed that there was a difference in value between the lands conveyed and the lands agreed to be conveyed, of one thousand dollars, and that other expenses had been incurred for taxes, etc., by which respondent was damaged in the sum of fifteen hundred dollars. The reply of appellant was a general denial.

The case was tried by a jury, upon these issues, and upon instructions (which this court holds to be proper), and the verdict was for defendant, on his counter-claim, assessing his damages at six hundred and sixty dollars. The case was appealed to the supreme court, and comes here by due course of law.

Kinley & Wallace and A. W. Mullins, for the appellant.

I. The evidence of the plaintiff and W. H. Craddock was sufficient to authorize the giving of plaintiff's *second* instruction refused by the court. It is error to refuse an instruction upon an issue in a cause where there is any evidence before the jury tending to support it. *Maupin v. Mining Co.*, 78 Mo. 24; *McFarland v. Bellows*, 49 Mo. 311; *Houghtaling v. Ball*, 19 Mo. 84.

II. Craddock & Company were agents for defendant, and gave a receipt "in full of all claims," and defendant received and retained the money after being furnished with a copy of the receipt. This was a ratification. Story on Agency (5 Ed.), sect. 250; *Nesbit v. Helser*, 49 Mo. 383; *First National Bank v. Fricke*, 75 Mo. 178: *Turner v. R. R. Co.*, 51 Mo. 501; 1 Parsons on Contracts (5 Ed.), p. 49.

Charles Hammond and S. P. Huston, for the respondent.

I. There was no issue of confession and avoidance; therefore the instructions refused to plaintiff submitted an issue not made by the pleadings. A party cannot traverse and at the same time confess and avoid the same allegations. *Greenaway v. James*, 34 Mo. 326; *Adams v. Trigg*, 37 Mo. 141; *Darrett v. Donnelly*, 38 Mo. 492. The issues cannot be changed by instructions. *Gloss v. Gelvin*, 80 Mo. 297; *Wade v. Hardy*, 75 Mo. 394; *Price v. R. R. Co.*, 72 Mo. 414; *Hassett v. Rust*, 64 Mo. 325.

II. The evidence all shows that Craddock had not even a shadow of authority to execute the release, and

Kennedy had respondent's goods, and he was entitled to the one thousand dollars, as part of his contract. There was no consideration for such fraudulent attempt to release; the payment being only what he was already bound to pay. *Willis v. Gammill*, 67 Mo. 730; 1 Parsons on Contracts (2 Ed.), 437.

III. The *second* instruction refused to plaintiff omits the only material, controlling, vital issue made on the counter-claim, viz. : Whether respondent accepted the substituted lands, under an agreement by Kennedy to pay the difference in value, if any. *Jackson v. Boyles*, 67 Mo. 609 ; *Crews v. Lackland*, 67 Mo. 619 ; *Seymour v. Seymour*, 67 Mo. 303. The true issue as made by the pleadings was properly put to the jury in respondent's first instruction.

HALL, J.—The errors complained of in this court, for which a reversal of the judgment herein is asked, are, so far as it is necessary for us to state, in the refusal by the trial court of instructions numbered one, two, and three, asked by the plaintiff.

### I.

Instruction numbered *one*, submitted to the jury a question of estoppel *in pais*. No such issue was made by the pleadings, and for that reason the instruction was properly refused. *Noble v. Blount*, 77 Mo. 242.

### II.

Instruction numbered *two* submitted to the jury a question of ratification by the defendant of an unauthorized act done by his agent. No such issue was made by the pleadings, and for that reason that instruction was refused. *Noble v. Blount, supra; Wade v. Hardy*, 75 Mo, 399.

### III.

Instruction numbered *three* ignored the question whether the defendant accepted the substituted lands, under an agreement by Kennedy to pay the difference in value, if any. This question, under the pleadings and

evidence, was the vital issue in the case. That instruction was properly refused.

The instructions, taken as a whole, fairly presented the questions raised by the pleadings to the jury.

The judgment of the circuit court is affirmed. All concur.