Springfield Fire and Marine Insurance Company,
Appellant, v. George P. Harrison, Respondent.

### Kansas City Court of Appeals, March 22, 1886.

Practice—Affirmance—Failure to Prosecute Appeals—Case Adjudged.—It is the duty of appellants to prosecute their appeals with diligence, and to see that their transcript and causes are duly presented and pressed. They must not wait for the respondent to do that which they undertake and obligate themselves, by their appeal, to do. And where the appellant has been guilty of inexcusable neglect and delay, as in this case, the motion for affirmance of the judgment, in this court, will be sustained.

On motion, in this court, for affirmance of judgment because of failure to prosecute appeal.

*Motion for affirmance sustained.*

Per Curiam.—This is a motion by respondent to affirm the judgment of the circuit court because of appellant's failure to prosecute his appeal with due diligence.

The facts are, briefly, that on the twenty-sixth day of November, 1884, the defendant recovered judgment against the plaintiff for his costs, and that plaintiff take nothing by its said action. On the eleventh day of December following, at the same term at which judgment was rendered, the plaintiff took an appeal to the supreme court, and had leave to file bill of exceptions on or before the first day of the next succeeding term of the circuit court. On the said day, to-wit, the sixteenth day of March, 1885, the plaintiff filed its bill of exceptions, but the transcript therein was not filed with the clerk of the supreme court until the twenty-first day of August, 1885. The record shows, however, that the transcript was completed by the circuit clerk on the fifth day of June, 1885.

By affidavits of the clerk and one of the attorneys for plaintiff, the excuse for not completing the transcript earlier is, the fact that the circuit court of Cass county was in continuous session from the sixteenth day of March, 1885, until the fourth day of April following, and that owing to the pressure of business in the clerk's office the clerk was not able to have completed the transcript before the sixth day of April. No excuse whatever is given for the delay from April sixth to the fifth day of June following, when the transcript was completed by the clerk, in preparing the same. Nor is any reason whatever given for not filing the same with the clerk of the supreme court before the twenty-first day of August, 1885.

It is first to be observed that when plaintiff took this appeal, the constitutional amendment creating the Kansas City court of appeals had been adopted, and the fact officially promulgated. The case should have been appealed to this court instead of to the supreme court. Giving the appellant the full benefit of the uncertainty then existing in the mind of the profession, as to the proper course to be pursued in taking such appeals, and that the mistake in appealing to the supreme court should not prejudice his appeal, on the eighteenth day of March, 1885, the legislature (Laws of Missouri, 1885, p. 121) provided for the transfer of such cases to the proper court of appeals. This act was passed with the emergency clause, and the appellant must be presumed to have had notice of its provisions; especially so when the affidavit of its attorney does not so much as set up any ignorance of its provisions.

The supreme court was in session from the twenty-first day of April, 1885, to the latter part of June, 1885. There is nothing showing any excuse for appellant's delay in filing the transcript in the office of the clerk of the supreme court during the session of the April term, 1885, and having the case transferred here as by said act provided, whereby it would have had the cause pending

in this court thirty days prior to the October term, 1885. On the contrary, it gave no attention to the case, and never did ask to have the same transferred. On the fourteenth day of December, 1885, the respondent filed motion in the supreme court to have the cause so transferred, which motion was sustained. Even then the appellant does not appear to have given any attention to the matter, or made any effort to have the case filed here in time for the March term, 1886. The transcript is marked, "filed in this court on the second day of February, 1886," too late even for the March term. So that by appellant's unnecessary delay and neglect, the cause would not be set down for hearing before the coming October term. Thus appellant would secure nearly two years' delay after taking his appeal, tying up costs amounting to about six hundred dollars. Such *laches* are without excuse, and are not to be tolerated. It is the duty of appellants to prosecute their appeals with diligence, and to see that their transcripts and causes are duly presented and pressed. They must not wait for the respondent to do that which they undertake and obligate themselves to do by their appeal.

Counsel for appellant cite in support of their opposition to the motion for affirmance, the ruling of this court in the case of *Kennedy v. Klein* (19 Mo. App. 15). That ruling is based on the decision in *Bombeck v. Bombeck* (18 Mo. App. 26). It is not relevant. The appeals in those cases were taken in 1882, long prior to the creation of this court, and the respondent let the cases sleep in the supreme court for two years before moving for an affirmance, where the motion might have been made and sustained, and did not even present to this court any transcript of the record as a predicate of the motion. In such case the motion came too late. Whereas, in the case at bar, the supreme court would have had no jurisdiction to affirm this judgment, and the most it could have done was to have ordered the case and motion to be transferred to this court. The respondent, in order to

get the case where he might file his motion to affirm, as he supposed, asked to have it transferred, and at the first term thereafter, when this court had acquired jurisdiction by the transfer, he filed his motion for affirmance. Under such circumstances we must treat the case as if the appellant had not duly prosecuted his appeal from the circuit court to this court.

The appellant has been guilty of inexcusable neglect and delay, and the motion for affirmance is sustained. Hall, J., absent.