JAMES F. CHEEK, Interpleader and Plaintiff in Error, v. Isaac WALDRON, Defendant in Error.

39　21
62　270

Kansas City Court of Appeals, January 6, 1890.

1. **Fraudulent Conveyances:** BONA FIDE PURCHASER: PAYMENT WITH NOTICE. Where the vendor's object in making the sale is to defeat his creditors, three conditions must concur to protect the purchaser's title as against such creditors: (1) He must buy without notice of the bad intent of the vendor; (2) he must be a purchaser for a valuable consideration; and (3) he must have paid the purchase money before he had notice of the fraud; and where the purchaser did not actually pay the purchase money before such notice, it is not sufficient that he had agreed upon the purchase before notice.

2. **Appellate Practice:** JUDGMENT FOR THE RIGHT PARTY. Where the trial court would, as matter of law, have been justified in declaring to the jury that appellant was not entitled to recover, the judgment will not be disturbed on account of errors, since the result could not have been different.

*Error to the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Brown, Chapman & Brown,* and *Robinson,* and *O'Grady & Harkless,* for the appellant.

(1) Instruction number 2 given for respondent submits to the jury the question of whether a sale had taken place, when it should have been determined by the court from the written contract of sale and the undisputed evidence of delivery. It asks the jury to find for the respondent on a state of facts not supported by the evidence. *Knoop v. Dis. Co.,* 26 Mo. App. 303; *Williams v. Evans, Adm'r,* 29 Mo. 201; *Hatch v. Bailey,* 12 Cush. (Mass.) 20; *Glass v. Gelvin,* 80 Mo. 297; *Estes v. Fry,* 22 Mo. App. 88; *Burrows v. Stebbins,* 26 Vt. 659; *Hodgkins v. Hook,* 23 Cal. 581; 30 Pa. St. 539–541. (2) The third instruction given for the respondent is not authorized by the evidence. There is no evidence connecting the interpleader with the fraud in the sale of the cattle, if there was a fraudulent sale. *Craig v. Zimmerman,* 87 Mo. 475; *Durkee v. Chambers,* 57 Mo. 575; *Henderson v. Henderson,* 55 Mo. 534; *Ames v. Gilmore,* 59 Mo. 537. (3) The court erred in refusing instruction number 5 asked on behalf of interpleader. This instruction was simply instructing the jury that the burden of proof was upon Waldron as to the charge of fraud. No instruction was given upon the question of the burden of proof at all. This instruction properly declared the law, and its refusal is reversible error. R. S. 1879, sec. 3655; 1 Greenleaf Ev. [14 Ed.] sec. 74; *Gutzweiler v. Lackman,* 39 Mo. 99; *Albert v. Besel,* 88 Mo. 150; *Knapp v. Joy,* 9 Mo. App. 47. (4) The court erred in refusing to allow the interpleader to show by the witness, J. H. Cheek, that the money he received from his brother upon the note given for the purchase price of the cattle was used and applied by J. H. Cheek in paying his creditors' debts. Such subsequent acts are admissible in favor of the grantee. Bump on Fraud. Conv. [3 Ed.] pp. 590–591, 207–208;

*Bank v. Snively,* 23 Md. 253. (5) Instruction number 3 given at the instance of defendant Waldron is objectionable for the reason that it does not in any way attempt to tell the jury under what circumstances a debtor is at liberty to dispose of his property, and does not direct the minds of the jury to anything by which they can determine as to what is hindering, delaying and defrauding creditors, nor what intention is honest or dishonest under given circumstances ; neither is this question submitted anywhere by the court. The expression, "Intention of hindering, delaying or defrauding his creditors" is submitting to the jury a question of law and not of fact. *Estes v. Fry,* 22 Mo. App. 80 ; *Speak v. Ely,* 22 Mo. App. 122.

*W. W. Pickard* and *J. W. Wofford,* for the respondent.

(1) The alleged sale from J. H. Cheek to his brother was without a valid consideration, and was fraudulent and void in law, as to existing creditors. No *bona fide* or valuable consideration had passed at the time of the attachment. The notes given were worthless, and, if negotiable, were not negotiated, and could not have been collected. *Arnholt v. Hartwig,* 73 Mo. 485 ; *Young v. Kellar,* 94 Mo. 590 ; *Dougherty v. Cooper,* 77 Mo. 532 ; *Bohannon v. Combs,* 79 Mo. 305 ; *Lionberger v. Baker,* 88 Mo. 454 ; *Patten v. Casey,* 57 Mo. 118. (2) If it is obvious from the record that the same result would ensue, if the case was tried again and tried right, the verdict will not be disturbed. A good verdict cures all errors. Thompson on Charging the Jury, secs. 118, 119, 120; *Warson v. McElroy,* 33 Mo. App. 553.

SMITH, P. J.—The respondent commenced a suit in the circuit court of Jackson county against J. H. Cheek on a promissory note for $1111.66, and in aid thereof

sued out a writ of attachment which on the sixteenth day of March, 1888, was levied upon one hundred and twenty head of cattle as the property of said J. H. Cheek. At the return term of said writ the interpleader James F. Cheek filed an interplea claiming the cattle so attached as his property. The plaintiff in the attachment filed an answer to the interplea denying the claim of ownership asserted by the said James F. Cheek and alleging that the said Jas. F. Cheek held said cattle as bailee in trust and for the use of J. H. Cheek, and with a view to aid him in hindering, delaying or defrauding his creditors, and if there was a pretended sale of said cattle to Jas. F. Cheek it was fraudulent, without consideration, and made with intent, to hinder, delay or defraud the creditors of said J. H. Cheek, and that James F. Cheek had knowledge of these facts, and also had knowledge that said J. H. Cheek was insolvent, and was disposing of or fixing his property so as to hinder, delay or defraud his creditors, and that said sale, if any, or pretended ownership, was not *bona fide*, was without a valid consideration and fraudulent.

There was a general denial of the answer.

There was uncontradicted evidence tending to show that about fifteen days before the levy of attachment the defendant therein, J. H. Cheek, sold the cattle to the interpleader James F. Cheek, the latter a brother of the former, for the purchase price of four thousand dollars for which a promissory note was given, payable eight months after date. A bill of sale was also given for the cattle. The interpleader took possession of the cattle but had paid nothing for them when they were attached. It was likewise shown that the defendant J. H. Cheek, the vendor, was in failing circumstances, in fact that he was insolvent at the time of the sale of the cattle to his brother. There was evidence tending to show that the note was to be paid for by a sale of the cattle and if not it was to be surrendered. There was other evidence

which it is not necessary to notice, as it is not material in the determination of the appeal. There were a number of instructions given and refused but these need not be here set forth.

The verdict of the jury and the judgment of the court was for the defendant. The interpleader appeals here.

I. The statute in respect to fraudulent conveyances pronounces all transfers of goods "with the intent to hinder, delay or defraud creditors, as against creditors," to be clearly and utterly void," except where the transferee in good faith bought and paid the purchase money prior to notice of the fraud.

If the object of the defendant in the attachment in making the sale to the interpleader was to defeat the creditors in their efforts to collect their debts, three conditions must concur to protect the interpleader's title: (1) He must buy without notice of the bad intent on the part of the vendor; (2) he must be a purchaser for a valuable consideration; and (3) he must have paid the purchase money before he had notice of the fraud. *Dougherty v. Cooper*, 77 Mo. 528; *Arnholt v. Hartwig*, 73 Mo. 485.

When the property is transferred in fraud of the vendor's creditors to entitle the vendee to be treated as a *bona fide* purchaser, it must appear that he actually paid the purchase money before he had any notice of the fraud, and it is not sufficient that he had agreed upon the purchase before receiving notice. *McNichols v. Richter*, 13 Mo. App. 505.

Where the vendee purchases property and takes possession thereof, but does not pay the purchase price until a suit is commenced by attachment against the vendor based upon the charge that he had conveyed his property with the intention of hindering, delaying or defrauding his creditors then, the receipt of notice of the attachment and levy before such payment prevents

the vendee from occupying with respect to the property purchased by him the position of a *bona fide* purchaser, and from prevailing as an interpleader in an attachment suit even though the vendee had no knowledge of the fraudulent intent of the vendor at the time of the purchase. *Young v. Kellar*, 94 Mo. 581; *Arnholt v. Hartwig*, 73 Mo. 484, *supra; Dougherty v. Cooper*, 77 Mo. 532.

It is therefore quite clear that the facts of this case bring the transfer of the property to the interpleader within the interdict of the statute relating to fraudulent conveyances. The title of the interpleader to the property claimed cannot be upheld in any view of the case. And this appears from the undisputed facts of the record. As a matter of law the circuit court would have been justified in declaring to the jury that the interpleader was not entitled to recover. Upon the facts of this case the interpleader could not be permitted to recover, or if he did such recovery would not be allowed to stand. The judgment is so manifestly for the right party on the merits that it should not be disturbed on account of any of the errors complained of.

Some of the instructions refused were not incorrect declarations of the law and should have been given, but since the result could not have been different if they had been given we cannot reverse the judgment on account of such refusal. There are a number of errors assigned which under other conditions would be grounds for reversal, but here they are entirely harmless.

The judgment of the circuit court must be affirmed. All concur.