THE EGYPTIAN LEVEE COMPANY, Respondent, v. EZRA T. JESTER, Appellant.

St. Louis Court of Appeals, November 25, 1890.

Practice, Appellate: AFFIRMANCE FOR FAILURE TO PROSECUTE: DAMAGES. While the Revised Statutes confer upon appellate courts a discretionary power to affirm a judgment with damages not exceeding ten per cent. of the amount of the judgment, this power will not be exercised, unless the court is satisfied, upon an inspection of the record, that an appeal is without merit, and such damages, accordingly, will not be allowed, when the affirmance is made upon the failure of the appellant to file a transcript, and the production by the appellee of the certificate of the clerk of the trial court, pursuant to Revised Statutes, 1889, section 2252.

*Appeal from the Clark County Circuit Court.*

AFFIRMED.

ROMBAUER, P. J.—The plaintiff recovered judgment in the trial court on April 25, 1890, from which the defendant appealed to this court May 26, 1890 ; but he failed to perfect his appeal by filing a transcript of the record. The plaintiff now produces the certificate of the circuit clerk, which, besides stating the above facts, sets out the motion for new trial and in arrest of judgment filed in the lower court, both assigning, as sole ground for the vacation of the judgment, that it was rendered upon the record without the introduction of evidence on plaintiff's part, and was erroneous as a matter of law.

The plaintiff makes an earnest appeal in its motion for an affirmance of the judgment with ten per cent. damages.

Section 2252 of the Revised Statutes provides that, unless the appellant shall perfect his appeal in the manner provided by the next succeeding section, respondent

may produce in the appellate court the certificate of the clerk of the court granting the appeal, "*stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted, and the time when the appeal was granted.*" The section makes such certificate *prima facie evidence of the matters therein stated.* The law does not make the clerk's certificate in such cases evidence of any other facts, than those which, under the terms of the section, he is required to state, and hence the respondent can gain nothing by having other facts, than those required by the section, set out in such certificate.

Now, while section 2305 of the Revised Statutes confers upon appellate courts a discretionary power to affirm any judgment with such damages as may be just, not exceeding ten per cent. on the amount of the judgment complained of, appellate courts in this state have not exercised the power, except in cases wherein they were satisfied, upon an inspection of the record, that an appeal was without merit. In *Christy v. Ryan*, a case not reported but referred to in *Estey v. Post*, 76 Mo. 413, the supreme court expressly decided that ten per cent. damages should be awarded in those cases only, wherein the record is examined and the appeal found to be without merit. That court reversed the judgment of this court in that case, although the respondent had produced a perfect transcript in this court, presumably on the ground that it appeared by the opinion of this court that it had not examined the record. As that decision of the supreme court is still the law applicable to such cases, we do not feel authorized in any case to affirm a judgment with damages upon the mere production of the clerk's certificate.

As the motion is well taken in other respects, the judgment of the trial court is affirmed. All the judges concurring, it is so ordered.